DEMPSEY, EXR., v. THE BRIGHTON BANK & TRUST CO. ET AL.

*Banks and banking — Joint savings account — Title to funds withdrawn — "Owner" construed.*

A and B presented themselves to a bank and opened a savings account by depositing money in the name of B, there being no evidence as to whom the money belonged. The signature card authorized the bank to pay the money on a check signed by B, and countersigned by A, or on a check signed "B by A." Later A withdrew the money by check payable to his order, signed "B by A," and deposited it in another name. *Held:* The money was the property of A and his executor is entitled to it as part of his estate.

(Decided June 27, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Edward J. Dempsey,* for plaintiff in error.

*Mr. A. L. Tischbein* and *Mr. S. H. Hurtig,* for defendant in error, Lettie Radel.

*Messrs. Renner & Renner* and *Mr. Roy L. Manogue,* for defendant in error, The Brighton Bank & Trust Company.

CUSHING, J. Edward J. Dempsey, as executor of the last will and testament of John J. Radel, deceased, filed an action in the court of common pleas against The Brighton Bank & Trust Company and Lettie Radel, in which he claimed that there was $2338 on deposit with that bank in the name of John Fritz, the property of John J. Radel; that the deposit was made by John J. Radel December 11, 1916; and that plaintiff as Radel's legal represen-

tative had demanded payment of said sum, which the bank refused. He prayed judgment against the bank for said sum with interest, and also prayed that Lettie Radel be forever enjoined from setting up a claim to it.

The bank filed an affidavit of interpleader, and, on August 29, 1918, an order of interpleader was entered.

September 10, 1918, the bank filed its answer.

October 4 Lettie Radel filed an answer and cross-petition, claiming that the money on deposit in the bank belonged to her; that the bank had wrongfully paid it to John J. Radel, in that it was paid on his check, without the passbook being presented to the bank, as provided by its rules and regulations, and she prayed judgment against the bank in the sum of $2338, with interest at 3 per cent. from December 11, 1916.

The court of common pleas held that the money was the property of Lettie Radel, and gave her judgment against the bank for the amount, with interest to the first day of term; that upon the payment to her of the amount with interest in the total sum of $2594.75 the bank be forever discharged of all liability to plaintiff, and to Lettie Radel, and that it go hence without day.

This action is prosecuted to reverse that judgment.

July 11, 1916, John J. and Lettie Radel presented themselves at the office of the bank. An account was opened in the savings department in the name of Lettie Radel. The signature card authorized the bank to pay the money on a check signed by Lettie Radel, and countersigned by John J. Radel,

or on a check signed by Lettie Radel, by John J. Radel.

Three sums of money were deposited, July 11, 1916, $1050; July 13, 1916, $1060; and August 17, 1917, $200. These amounts with interest to December 11, 1916, amounted to $2338.37. On that day John J. Radel, on a check payable to his order, withdrew the money. The check was signed Lettie Radel, by John J. Radel. He at once deposited $2338 in the same bank in the name of John Fritz.

Both the plaintiff and defendant Lettie Radel are asking judgment against the bank.

The plaintiff's claim is that the money standing in the name of John Fritz was the money of John J. Radel.

Lettie Radel claims that the bank paid the check without the passbook being presented, and, therefore, that she is entitled to judgment against the bank.

It is not necessary here to determine the liability of a savings bank in paying money without the presentation of the passbook at the time of payment. There is no doubt but that the money that was standing on the books of the bank in the name of Lettie Radel is the identical money now in the bank in the name of John Fritz; that the money is there subject to a determination by this court as to who is the owner of the money, and that such determination, and the payment by the bank, on the order of court, will relieve it from further liability.

While the original account was in the name of Lettie Radel, there is no evidence in the record to show whose money was deposited; nor does the record disclose that Mrs. Radel had money of her

own; she was not asked in regard thereto, nor does she testify that it was her money; nor is it claimed that it was a gift. On the other hand, John J. Radel at all times exercised dominion and control over the money. His last act with reference to it was to withdraw it from the account in the name of Lettie Radel, on a signature that he was authorized to make, and place it in another account. Mrs. Radel at no time had any control over the money. John J. Radel took possession of it, and had such possession at the time of his death. The fact that the money was deposited in the name of Lettie Radel, without giving her the right of dominion or control over it, except with the consent and approval of John J. Radel, is not of itself evidence of ownership in her. ·

An owner has been defined to mean one who has dominion of a thing, real or personal. The evidence of ownership is actual or constructive. The constructive possession or ownership is that which the law annexes to the legal title. It is the right to the immediate possession, without the actual possession. As stated in the case of *Directors of Fallbrook Irrigation District* v. *Abila,* 106 Cal., 355, "owner" means one who has full proprietorship in and dominion over property. At another place in the opinion the court says the word owner has a definite meaning, which is "one who has dominion over a thing which he may use as he pleases." Possession is usually considered *prima facie* evidence of ownership. Mrs. Radel at no time had possession of this money, nor control over it.

The conclusion is that the money in question was the property of John J. Radel, and that Edward J.

Dempsey, as the executor of the last will and testament of said Radel, is entitled to recover the sum as a part of his estate. The judgment of the court below will be reversed and the cause remanded with instructions to enter a judgment directing the bank to pay the money to Edward J. Dempsey, as executor of the last will and testament of John J. Radel, deceased, and forever enjoining Lettie Radel from setting up any claim to such sum, as prayed in the petition.

*Judgment reversed, and cause remanded.*

Hamilton, P. J., and Buchwalter, J., concur.